IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK JACKSON, #119 741, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-796-WHA |
| | )  [WO] |
| DR. PREM GULATI, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Plaintiff, an inmate incarcerated at the Limestone Correctional Facility, filed this 42 U.S.C. § 1983 action on October 5, 2020. He alleges that on June 21, 2020, he slipped and fell on a puddle of urine in the bathroom at the institution which resulted in a broken leg and a displaced bone connected to his ankle. Plaintiff files suit alleging that Defendants exhibited deliberate indifference to his serious medical needs by providing inadequate and delayed medical care for these injuries. Plaintiff names as defendants Dr. Prem Gulati, the Limestone Correctional Facility Health Care Unit, Director of Medical Services for the Alabama Department of Corrections Ruth Naglich, Westford Correctional Health Services, and Crestwood Hospital. Doc. 1.

The Limestone Correctional Facility is in Harvest, Alabama, and Crestwood Hospital is in Huntsville, Alabama. Harvest and Huntsville are within the jurisdiction of the United States District Court for the Northern District of Alabama. Upon review, the court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.[1]

---

[1] Plaintiff submitted a motion in support of a request for leave to proceed *in forma pauperis*. Doc. 3. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

The actions about which Plaintiff complains occurred at the Limestone Correctional Facility and at Crestwood Hospital in Huntsville, Alabama. Both the Limestone Correctional Facility and Crestwood Hospital are located within the jurisdiction of the United States District Court for the Northern District of Alabama. The evidence relevant to Plaintiff's allegations are located in the Northern District of Alabama, and a majority of the witnesses to the actual conditions present and the actions which occurred at Crestwood Hospital and the Limestone Correctional Facility reside in the Northern District of Alabama. While Defendant Naglich resides in the Middle District of Alabama, as an Associate Commissioner for the Alabama Department of Corrections ("ADOC"), she is subject to service of process throughout the state, as is the ADOC contract health care provider.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

---

[2] In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

**On or before November 16, 2020**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 30th day of October, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge